UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SHERMAN BADIE, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-12346 |
| BOH BROS. CONSTRUCTION<br>COMPANY, L.L.C., ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss or, alternatively, a Motion for Summary Judgment filed by Defendant Boh Bros. Construction Company, LLC ("Boh Bros.").[1] Plaintiffs Sherman Badie and Melantha Rogers oppose the motion.[2] Boh Bros. filed a reply.[3] For the following reasons, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

According to the Complaint, Plaintiffs were involved in an automobile accident on November 12, 2016 while traveling southbound on Louisiana Avenue where it intersects Prytania Street.[4] They claim that, due to an ongoing construction project, the traffic light that should have been facing their direction of travel was laying face-down on the ground and inoperative. Plaintiffs filed suit against the U.S. Army Corps of Engineers, bringing claims pursuant to the Federal Tort Claims Act ("FTCA").[5] Plaintiffs also bring state law

---

[1] R. Doc. 53.
[2] R. Doc. 56.
[3] R. Doc. 62.
[4] R. Doc. 1 at ¶ 4.
[5] R. Doc. 1 at ¶ 1, 9.

1

tort claims against the City of New Orleans, the Sewage and Water Board of New Orleans, and Boh Bros.[6]

On April 30, 2018, the Court granted Defendant U.S. Army Corps of Engineers' unopposed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[7] The Court dismissed Plaintiffs' claims against the U.S. Army Corps of Engineers under the FTCA for lack of subject matter jurisdiction.[8] On May 1, 2018, the Court granted the unopposed Motion to Dismiss filed by the City of New Orleans.[9] On May 15, 2018, the Court granted Plaintiffs' voluntary Motion to Dismiss the claims against the New Orleans Sewage and Water Board.[10] The only claims remaining in this civil action are Plaintiffs' state law tort claims against Boh Bros.

On February 19, 2019, Boh Bros. filed the instant Motion to Dismiss, arguing this Court lacks original subject matter jurisdiction and cannot exercise supplemental jurisdiction over Plaintiffs' state law tort claims.[11] Plaintiffs argue this Court has subject matter jurisdiction over their state law tort claims. If the Court finds it does not have subject matter jurisdiction, the Plaintiffs request the Court exercise its discretion to remand the case to state court.[12]

---

[6] R. Doc. 1 at ¶ 9. Although the Complaint does not state the specific Louisiana law under which they are seeking relief against these defendants, the Complaint establishes that the claim against the City of New Orleans, the Sewage and Water Board of New Orleans, and Boh Bros. is a tort claim for negligence.
[7] R. Doc. 36.
[8] *Id.*
[9] R. Doc. 37.
[10] R. Doc. 41.
[11] The Court notes that neither party suggests the Court has diversity subject matter jurisdiction, pursuant to 28 U.S.c. § 1332.
[12] R. Doc. 56.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[13] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[14] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[15] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[16]

## LAW AND ANALYSIS

Pursuant to the FTCA, 28 U.S.C. § 1346, federal district courts have original jurisdiction over any civil action against the United States for the negligent acts of its employees.[17] Plaintiffs filed their Complaint in this Court, invoking the Court's original subject matter jurisdiction over their claims against the U.S. Army Corps of Engineers pursuant to the FTCA.[18]

Under 28 U.S.C. § 1367, when the district court has original jurisdiction, the district court may also exercise supplemental jurisdiction over "all other claims that are so related" to the claims over which the court has original jurisdiction "that they form part of the same case or controversy." In addition to their claims against the U.S. Army Corps

---

[13] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[14] *See* FED. R. CIV. P. 12(b)(1).
[15] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[16] *In re FEMA*, 668 F.3d at 287.
[17] 28 U.S.C. § 1346.
[18] R. Doc. 1.

3

of Engineers pursuant to the FTCA, Plaintiff's brought state law tort claims against other Defendants, including Boh Bros.[19]

Under 28 U.S.C. § 1367, a district court has discretion to exercise supplemental jurisdiction over state law claims when federal question jurisdiction is proper and the state law claims derive from a common nucleus of operative facts.[20] However, when a district court dismisses all federal claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it does not have discretion to exercise supplemental jurisdiction over related state law claims.[21] "Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims, even if those claims derive from a common nucleus of operative fact."[22]

The Court dismissed Plaintiff's claims against the U.S. Army Corps of Engineers under the FTCA for lack of jurisdiction, pursuant to Rule 12(b)(1). As a result, the Court had no original federal question jurisdiction to which the state law claims could attach. Without such original jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law tort claims against Boh Bros. Because this civil action was filed in federal court, the Court cannot remand the case to state court.[23]

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss filed by Defendant Boh Bros. Construction Company, LLC be and hereby is **GRANTED**.[24] Plaintiffs' claims against

---

[19] *Id.*
[20] *Arena v. Graybar Electric Co.*, 669 F.3d 214, 221 (5th Cir. 2012).
[21] *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017).
[22] *Arena*, 669 F.3d at 222.
[23] *See* 28 U.S.C. § 1447(a); *Washpon v. Erratt*, No. 6:17-CV-80-RP, 2017 WL 8182679, at *1 (W.D. Tex. Aug. 15, 2017) ("[W]hen a case is originally filed in federal court, rather than removed from state court, the appropriate action upon finding a lack of jurisdiction is dismissal without prejudice, not remand.").
[24] R. Doc. 34.

Defendant Boh Bros. Construction Company, LLC are hereby **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana on this 11th day of March, 2019.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**